*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC KENNEY, | : |
| Plaintiff, | : Civil Action No.: 18-11332(FLW) |
| v. | : |
| | : **OPINION** |
| LOFTS AT SODO, *et al.*, | : |
| Defendants. | : |

**WOLFSON, United States District Judge**:

This matter comes before the Court on defendant Lofts at Sodo's ("Defendant" or "Lofts") motion to dismiss the Complaint filed by Plaintiff Eric Kinney ("Plaintiff" or "Kinney") pursuant to, *inter alia*, Federal Rules of Civil Procedure 12(b)(2).[1] Plaintiff's personal injury claims arise from Defendant's alleged negligent maintenance of its property, which, according to Plaintiff, created a hazardous condition. In its dismissal motion, Defendant argues that the Court lacks personal jurisdiction. Because I agree, for the reasons set forth below, Defendant's motion is **GRANTED**.

**BACKGROUND**

The following relevant facts are recounted from the Complaint and taken as true for the purposes of this motion. Kinney claims that he was lawfully on the premises of Lofts, located at 100 West Grant Street, Orlando, Florida. Compl., ¶ 1. According to Kinney, Lofts "negligently created, permitted to exist and/or failed to provide adequate warning of a dangerous condition, to

---

[1] Defendant also moves to dismiss the Complaint on the basis of *forum non conveniens*. Because I find that personal jurisdiction is lacking over Lofts, I need not address that alternative ground for dismissal.

1

wit: allowed an accumulation of water to exist on its floor causing . . . Kinney to slip and fall." *Id.* at ¶ 2. As a result of the alleged injuries, Kinney complains that he sustained "diverse" personal injuries, including permanent disability. Kinney further avers that he has incurred medical expenses and lost an unspecified amount of income, as well as sustained pain and suffering. *Id.* at ¶ 3. Based on these allegations, Plaintiff asserts one count of negligence against Defendant.[2]

Currently, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

## DISCUSSION

### I. Standard of Review

To withstand a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over the moving defendant by a preponderance of the evidence. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *see Cerciello* v. *Canale*, 563 Fed. Appx. 924, 925 n.1 (3d Cir. 2014) (noting that the plaintiff "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper.") (citation omitted). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, to meet its burden, the plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

---

[2] Plaintiff also asserts two separate counts against individual John Doe defendants, as well as unnamed corporations.

12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* at 101 (citation and internal quotation marks omitted). If the plaintiff meets this burden, "the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *see* Fed. R. Civ. P. 4(e). In assessing whether personal jurisdiction exists, the Court's analysis is twofold: "[t]he court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction; if so, the court must then satisfy itself that the exercise of jurisdiction comports with due process." *Display Works*, 182 F. Supp. at 172. "Since New Jersey's long-arm statute allows 'the exercise of personal jurisdiction to the fullest limits of due process,' [the Court must] 'look to federal law for the interpretation of the limits on in personam jurisdiction.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)).

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). In *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945), the Supreme Court held that a state may authorize its courts to exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316 (citation omitted). "Following *International Shoe*, 'the relationship among the defendant, the forum, and the litigation . . . became the central

3

concern of the inquiry into personal jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

**II.     Personal Jurisdiction**

"There are two distinct theories under which personal jurisdiction can arise: general and specific." *Allaham v. Naddaf*, 635 Fed. Appx. 32, 37-38 (3d Cir. 2015) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)). Here, I note that Plaintiff does not identify under which theory he is asserting jurisdiction, but based on his arguments, it appears Plaintiff seeks to invoke this Court's general jurisdiction over Defendant. Plaintiff argues that Defendant is subject to general jurisdiction because it maintains a nationwide interactive website that transacts business in New Jersey. However, regardless which theory he pursues, Plaintiff cannot satisfy either jurisdictional ground.

General jurisdiction refers to a court's power to "hear any and all claims" against a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists over a corporation where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.*; *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). Importantly, in *Daimler*, the Supreme Court changed the landscape of general jurisdictional jurisprudence, explaining that a corporation is "at home" in its place of "incorporation and principal place of business," and thus, those locations serve as the paradigm bases for general jurisdiction. *Daimler*, 571 U.S. at 137. As a result, "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'" *Malik v. Cabot Oil & Gas Corp.*, 710 Fed. Appx. 561, 564 (3d Cir. 2017) (citation omitted).

Relevant here, for general jurisdictional purposes, an interactive website alone is insufficient to create general jurisdiction. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world."). Rather, while the existence of a website may establish specific jurisdiction, "there must be evidence that the defendant purposefully availed itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id.*

Based on recent significant changes to general jurisdiction principles, Plaintiff's arguments simply cannot hold water. Plaintiff argues that general jurisdiction exists because Defendant maintains an apartment rental website, accessible to New Jersey residents, for its properties in Florida. For support, Plaintiff relies on a pre-*Daimler*, district court opinion in *Decker v. Circus Circus Hotel*, 4 9 F. Supp. 2d 743, 748 (D.N.J. 1999), for the proposition that courts may exercise personal (general) jurisdiction over a defendant based on the existence of an internet site. While *Decker* is distinguishable on its facts, more fundamentally, *Decker* is simply unpersuasive in light of *Daimler*, which decision has effectively narrowed the scope of general jurisdiction over corporate defendants, such as Defendant here. *Kearney v. Good Start Genetics, Inc.*, No. 17-2363, 2017 U.S. Dist. LEXIS 202250, at *12 (E.D. Pa. Dec. 8, 2017). Under *Daimler*, as acknowledged by the Third Circuit, establishment of a website by a defendant corporation to transact business in several states is not sufficient to confer general jurisdiction. *See Toys "R" Us*, 318 F.3d at 454. Remarkably, Plaintiff fails to mention *Daimler* anywhere in his brief. Indeed, Plaintiff's allegations regarding Defendant's activities do not come close to meet the *Daimler* test. Besides maintaining a website, Plaintiff does not attribute any other New Jersey corporate activities to

5

Defendant. Clearly, Defendant is not essentially "at home" in New Jersey, such that it can be hailed into court based on general jurisdiction. *See, e.g.*, *Covelman v. Hotel St. Regis*, No. 14-5757, 2016 U.S. Dist. LEXIS 22821, at *9 (D.N.J. Feb. 24, 2016)

Regardless, the Supreme Court has held that even regularly occurring sales to a forum state cannot subject a nonresident defendant to general jurisdiction. *See Goodyear*, 564 U.S. at 920. Indeed, in *Goodyear*, the Supreme Court concluded that even "tens of thousands" of a foreign manufacturer's tires entering the forum over a three-year period was insufficient to trigger general jurisdiction because, despite those sales, the foreign corporation was not regarded as "at home" in that state. *Id.* Similarly, in *Daimler*, the Supreme Court held that despite the fact that ten percent of a foreign defendant's sales occurred within the forum state, such sales did not render Daimler "at home" in the forum. *Daimler*, 134 S. Ct. at 761-62. In other words, no matter that Defendant, here, has transacted business, and made sales, in New Jersey,[3] such facts alone also do not render Defendant "at home" in New Jersey under *Daimler*. *See, e.g.*, *Wurth Adams Nut & Bolt Co. v. Seastrom Mfg. Co.*, No. 14-03804, 2015 U.S. Dist. LEXIS 44456, at *5 (D.N.J. Apr. 6, 2015); *Campbell v. Fast Retailing USA, Inc.*, 2015 WL 9302847, at *2-3 (E.D. Pa. Dec. 22, 2015)(citing *Daimler* and holding that "[t]he allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania."); *Spear v. Marriott Hotel Servs., Inc.*, 2016 WL 194071, at *3 (E.D. Pa. Jan. 15, 2016)("Applying the considerations of *Daimler* and *Goodyear*, the mere allegation that defendants operate in the State does not render defendants 'at home' in Pennsylvania and subject it to general jurisdiction here."); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 432 (E.D. Pa.

---

[3] I note that Plaintiff has not quantified the sales that Defendant made in New Jersey, if any at all.

2015)("A corporation is not 'at home' in 'every state in which it engages in a substantial, continuous, and systematic course of business.'").

Finally, the Court also lacks specific jurisdiction over Defendant for the simple reason that Plaintiff has not alleged any minimum contacts by Defendant in the forum state from which his claims arose. Briefly, specific jurisdiction exists over a non-resident defendant where the plaintiff's claim "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127 (citations and quotations omitted); *see Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017)("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'")(quoting *Goodyear*, 564 U.S. at 919). Courts apply a three-part test to determine whether specific jurisdiction over a non-resident defendant exists: "First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Petrucelli v. Rusin*, 642 Fed. Appx. 108, 110 (3d Cir. 2016) (internal citations and quotations marks omitted); *see Bristol-Myers*, 137 S. Ct. at 1780.

Here, Plaintiff does not meet any part of the test. Plaintiff does not identify what activities Defendant directed at New Jersey which form the basis of his claims. In that regard, Plaintiff only alleges that Defendant maintains a nationwide rental website of its properties; however, Plaintiff does not allege that Plaintiff, himself, somehow used or relied on the website prior to visiting the Lofts in Florida. Put simply, Plaintiff has failed to allege that Defendant's commercially

7

interactive website played a role in the transaction.[4] Thus, the underlying controversy bears an insufficient relationship to Defendant's contact with New Jersey to support specific jurisdiction.

In sum, I find that this Court lacks personal jurisdiction over Defendant. Defendant's motion to dismiss is **GRANTED**.[5]

DATED: March 6, 2019

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[4] Furthermore, Plaintiff also does not allege how the alleged negligent condition in Florida relate to, or arise out of, the maintenance of a website in New Jersey by Defendant.

[5] I note that the parties do not request that in lieu of dismissal, I should transfer this case to Florida, where it could have been brought initially.